Michael C. Martinez (Bar No. 188084)
Mark Charles (Bar No. 199994)
MARTINEZ CHARLES LLP
600 South Lake Avenue, Suite 504
Pasadena, CA 91106
Telephone: 626.844.7710
Facsimile: 626.844.7740

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOB CARDER, individually and on behalf of all others similarly situated; and ERICA VINCI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MACY'S WEST STORES, INC.; MACY'S, INC.; and BLOOMINGDALE'S, INC., <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> **1. UNFAIR BUSINESS PRACTICES;** <br> **2. FRAUDULENT BUSINESS PRACTICES;** <br> **3. UNLAWFUL BUSINESS PRACTICES;** <br> **4. FALSE ADVERTISING; and** <br> **5. VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT** <br><br><br> **DEMAND FOR JURY TRIAL** |

1
COMPLAINT

Charles LLP

1    Plaintiffs JOB CARDER and ERICA VINCI ("Plaintiffs"), on behalf of themselves

2  and all others similarly situated, allege the following based upon personal knowledge as to

3  allegations regarding themselves and on information and belief and the investigation of

4  counsel, as to all other allegations:

5  **I.      INTRODUCTION**

6        1.      This is a class action seeking monetary damages, restitution, injunctive and

7  declaratory relief from Defendants Macy's, Inc. and Macy's West Stores, Inc.

8  (collectively, "Macy's") and its wholly-owned division, Bloomingdale's, Inc.

9  ("Bloomingdale's") arising from their deceptive and misleading labeling and marketing of

10 merchandise they sell at their retail stores, including outlet stores, in the state of California

11 and throughout the United States.

12       2.      During the Class Period (defined below), Defendants (hereinafter "Macy's"

13 or "Defendants") misrepresented the nature and amount of price discounts on products sold

14 in their regular and outlet stores (the "Stores") by purporting to offer steep discounts off of

15 fabricated, arbitrary, and false former or purported original, regular or "compare at" prices.

16       3.      Specifically, Defendants represented on the price tags of their products, both

17 those sold under the Macy's or Bloomingdale's labels and those manufactured by other

18 designers or companies sold in Macy's and Bloomingdale's stores, prices that were

19 artificially inflated and arbitrary and did not represent a bona fide price at which they

20 previously sold such products or the prevailing market price for such items.  Defendants

21 then offered, on the same sales labels or tags or on signs above the merchandise, to sell the

22 items for a reduced or discounted sale price, which supposedly represented a significant

23 discount off of the false original, regular or compare at price.  In some instances, they

24 represented that the listed or original price was two or more times the manufacturer's

25 suggested retail price ("MSRP"), and then offered the item at a purported 50% or more

26 discount price which was in fact the original MSRP.

27       4.      However, the original, regular or compare at prices utilized by Defendants,

28 which represented to consumers the purported former price of Defendants' products,

Charles LLP

whether manufactured under their label or the label of other designers or companies, were a sham.  In fact, such items were not generally sold at the "original" or "compare at" price listed on their labels, or at least not a substantial number of such items, and the represented "original" or "compare at price" did not reflect the prevailing market price of the item within the preceding three months.  The original, regular or compare at price listed on Defendants' products were and are prices chosen by Defendants to enable them to engage in their phantom markdown scheme.

5.    The Federal Trade Commission ("FTC") has described the fictitious pricing scheme such as that employed at Defendants' stores as deceptive:

(a)    Many members of the purchasing public believe that a manufacturer's list price, or suggested retail price, is the price at which an article is generally sold. Therefore, if a reduction from this price is advertised, many people will believe that they are being offered a genuine bargain.  To the extent that list or suggested retail prices do not in fact correspond to prices at which a substantial number of sales of the article in question are made, the advertisement of a reduction may mislead the consumer....

(i) It bears repeating that the manufacturer, distributor or retailer must in every case act honestly and in good faith in advertising a list price, and not with the intention of establishing a basis, or creating an instrumentality, for a deceptive comparison in any local or other trade area.  For instance, a manufacturer may not affix price tickets containing inflated prices as an accommodation to particular retailers who intend to use such prices as the basis for advertising fictitious price reductions.

16 C.F.R. § 233.3 (emphasis added).

6.    Macy's pricing scheme was effectuated in several systemic ways, as reflected on the following tags and signs prominently displayed for products available for sale at its stores.  Defendants employ the same type of tactics in its Bloomingdale's division and in Bloomingdale's Outlet Stores.

7.    Upon information and belief, thousands of Defendants' consumers, including Plaintiffs, were victims of Defendants' deceptive, misleading and unlawful false pricing scheme, which deception will continue if Defendants are not enjoined from continuing to effectuate their pricing scheme.

Charles LLP

8.     Defendants fraudulently concealed from, and intentionally failed to disclose to, Plaintiffs and Class members, the true facts about its product prices and advertised price discounts from those purported original, regular or compare at prices. Defendants' false representations of prices and false representations of purported savings, discounts and bargains are objectively material to a reasonable consumer.

9.     Plaintiffs relied upon such false representations of original or regular prices and discounts when purchasing merchandise from Macy's Stores, including in Pasadena, California.  Plaintiffs would not have made such purchases, or would not have paid the amounts they did, but for the false representations of the original or regular price of the items purchased, as compared with the supposedly discounted or sale price at which Plaintiffs' purchased the items.

10.     Plaintiffs believed the truth of the price tags attached to the products purchased at Defendants' Stores, which expressly represented that Plaintiffs were getting a substantial discount and thus a significant bargain on their purchases. In fact, they were not getting the represented bargain.  Plaintiffs would not have purchased the items but for the discounted pricing represented by Defendants.

11.     Through their false and deceptive marketing, advertising and pricing scheme, Defendants violated and continue to violate laws prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.

12.     Plaintiffs, individually and on behalf of all others similarly situated, seek restitution and other equitable remedies, including injunctive relief.

## II.     PARTIES

13.     Plaintiff Job Carder is an individual who is a resident of California.  In reliance on Macy's false and deceptive advertising, marketing and pricing schemes, Mr. Carder purchased products including several Maison Jules and Club Room items.  For example, Macy's advertised the original price of one Maison Jules item as $89.50 (the same price was memorialized on Mr. Carder's purchase receipt).  Based on the

Charles LLP

representations and advertisement of the original price of $89.50, Mr. Carder was induced to make his purchase. He paid $42.96 believing the original price represented and marketed by Macy's was $89.50 and that this was a time sensitive substantial price reduction. Indeed, Mr. Carder's receipt reflects the original price, the "Today's Price," and a special coupon discount for the day of 20%. Mr. Carder also bought several other sales items under the same belief. Macy's advertising and representations misled Mr. Carder into believing that Macy's price was significantly lower than the prices at which Macy's regularly offered the items Mr. Carder purchased. The actual price of the item, as well as the prevailing market price, in the example provided was not $89.50 during the three months preceding its purchase by Mr. Carder. Macy's advertised "original," "regular" or "compare at" prices do not reflect the price at which Macy's products are routinely, if ever, sold to retail customers, nor do they reflect the prevailing market price within the three-month period preceding the purchase. But for Macy's false and misleading statements, Mr. Carder would not have purchased the Maison Jules item or other seemingly drastically reduced items that day. Mr. Carder was damaged as a result thereof.

14.     Plaintiff Erica Vinci is an individual residing in California. In reliance on Macy's false advertising, marketing and pricing schemes, and unfair business practices, Ms. Vinci was induced to purchase numerous clothing items represented to be upwards of over 70% off the "original," "regular" or "compare at" prices. Ms. Vinci was damaged as a result thereof.

15.     Defendant Macy's Inc., is a Delaware corporation with its principal place of business in Cincinnati, Ohio, and maintains operations within the jurisdiction of the Northern District of California.

16.     Defendant Macy's West Stores, Inc., is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and maintains operations within the jurisdiction of the Norther District of California.

17.     Macy's operates 900 stores in 45 states under names including Macy's, Bloomingdales' and Bloomingdale's Outlets, with approximately 132 stores in California

Charles LLP

1 | (the "Macy's Stores"), including stores operating in within the jurisdiction of the Norther

2 | District of California.

3 | 18. Defendant Bloomingdale's is a wholly-owned subsidiary of Macy's, Inc. and

4 | a division of Macy's with its principal place of business in New York, New York.

5 | Defendant Bloomingdale's, at the direction and control of Defendant Macy's, operates 45

6 | Bloomingdale's stores throughout the U.S (the "Bloomingdale's Stores"), including 13

7 | Bloomingdale's Outlet stores (the "Bloomingdale's Outlets"), and stores within the

8 | Norther District of California.  The Macy's Stores and Bloomingdale's Stores, including

9 | the Bloomingdale's Outlets are hereinafter referred to as the "Stores."

10 | 19. At all times material, Macy's has sold in its Stores men's, women's and

11 | children's apparel, accessories and home furnishings.  Macy's has engaged in a program of

12 | deceptive marketing, sales and pricing practices throughout its Stores including in its

13 | Macy's and Bloomingdale's division.

14 | **III.    JURISDICTION AND VENUE**

15 | 20. This Court has original jurisdiction of this action under the Class Action

16 | Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original

17 | jurisdiction because the aggregate claims of the members of the putative Class exceed five

18 | million dollars ($5,000,000), exclusive of costs, and at least one of the members of the

19 | proposed Class, Plaintiff Job Carder, is a citizen of a different state than both Defendants.

20 | 21. The Northern District of California has personal jurisdiction over Defendants

21 | Macy's and Bloomingdale's because they both are authorized or registered to do business

22 | and operate Stores in this District where Defendants employed the sale tactics detailed

23 | herein.

24 | 22. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because

25 | Defendants operate many stores and thus transact substantial business within this District,

26 | and a substantial part of the events giving rise to Plaintiffs' claims arose within California,

27 | including the implementation of the scheme alleged in this Complaint.  Additionally, the

28 | matter of *Haley, et al. v. Macy's, Inc., et al.*, Case No. 4:15-cv-06033-KAW, is already

Charles LLP

1    pending in this District and Plaintiffs shall file an administrative motion to consider

2    whether the cases should be related.

3    **IV.    ADDITIONAL SUBSTANTIVE ALLEGATIONS**

4        23.    Mr. Carder was shopping at Macy's in Pasadena on February 27, 2015.

5    While shopping, Mr. Carder observed several Macy's items with substantial price

6    reductions from their original prices, including several Maison Jules and Club Room items.

7    For example, Macy's advertised the original price of one Maison Jules item as $89.50 (the

8    same price was memorialized on Mr. Carder's purchase receipt).  Based on the

9    representations and advertisement of the original price of $89.50, Mr. Carder was induced

10   to make his purchase.

11       24.    Mr. Carder paid $42.96 believing the original price represented and marketed

12   by Macy's was $89.50 and that this was a time sensitive substantial price reduction.

13   Indeed, Mr. Carder's receipt reflects the original price, the "Today's Price," and a special

14   coupon discount for the day of 20%.  Mr. Carder also bought several other sales items

15   under the same belief.  Macy's advertising and representations misled Mr. Carder into

16   believing that Macy's price was significantly lower than the prices at which Macy's

17   regularly offered the items Mr. Carder purchased.  The actual price of the item or

18   prevailing market price, in the example provided, was not $89.50 during the three-month

19   period preceding its purchase by Mr. Carder.  Macy's pricing representation with regard to

20   the Maison Jules item violated the cited statutes and constituted false and misleading

21   statements of fact, and damaged Mr. Carder.  But for Macy's false and misleading

22   statements, Mr. Carder would not have purchased the Maison Jules item or other

23   seemingly drastically reduced items that day, and was damaged as a result.

24       25.    Plaintiff Erica Vinci was victimized by Macy's false advertising, marketing

25   and pricing schemes, and unfair business practices, Ms. Vinci was induced to purchase

26   numerous clothing items represented to be upwards of over 70% off the "original,"

27   "regular" or "compare at" prices; prices that did not amount to the prevailing market price

28

Charles LLP

1  during the three-month period preceding the purchases.  Ms. Vinci was damaged as a result

2  thereof.

3      26.      California statutory and regulatory law expressly prohibits false former

4  pricing schemes.  Cal. Bus. & Prof. Code § 17501, entitled "Value determinations; Former

5  price advertisements," states: "For the purpose of this article the worth or value of

6  anything advertised is the prevailing market price, wholesale if the offer is at wholesale,

7  retail if the offer is at retail, at the time of publication of such advertisement in the locality

8  wherein the advertisement is published.  No price shall be advertised as a former price of

9  any advertised thing, unless the alleged former price was the prevailing market price as

10  above defined within three months next immediately preceding the publication of the

11  advertisement or unless the date when the alleged former price did prevail is clearly,

12  exactly and conspicuously stated in the advertisement."

13      27.      The reliance of Plaintiffs and Class members on Defendants' false price

14  comparison advertising was reasonable. Marketing studies have noted that retailers are

15  incentivized to engage in this false and fraudulent behavior:

16      Comparative price advertising offers consumers a basis for comparing the relative
        value of the product offering by suggesting a monetary worth of the product and
17      any potential savings…[A] comparative price advertisement can be construed as
        deceptive if it makes any representation…or involves any practice that may
18      materially mislead a reasonable consumer.

19      By creating an impression of savings, the presence of a higher reference price
        enhances subjects' perceived value and willingness to buy the product…Thus, if the
20      reference price is not truthful, a consumer may be encouraged to purchase as a
        result of a false sense of value.
21

22  *Comparative Price Advertising: Informative or Deceptive?,* Dhruv Grewal and Larry D.

23  Compeau, *Journal of Public Policy & Marketing,* Vol. 11, No. 1, at 52, 55-56 (Spring

24  1992).

25      28.      Despite the pricing scheme utilized by Defendants, Plaintiffs would purchase

26  Defendants' products in the future from Defendants' Stores and/or other retail

27  establishments, if product labels accurately reflect original or compare at prices and

28

COMPLAINT

Charles LLP

1  discounts.  Currently, however, Plaintiffs and other consumers have no realistic way to

2  know which, if any, of Defendants' label price comparisons are not false or deceptive.  If

3  the Court were to issue an injunction ordering Defendants' to comply with comparative

4  price advertising laws, and prohibiting use of the deceptive practices discussed herein,

5  Plaintiffs would be able to shop for Defendants' products again in the near future at

6  Defendants' Stores without the fear of being victimized by false or deceptive practices.

7  **CLASS ALLEGATIONS**

8      29.     Plaintiffs bring this action on behalf of themselves and the members of the

9  proposed Classes under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The

10  proposed Classes consists of the following:

11          All individuals residing in California who, within the Class Period,
            purchased products from one of Defendants' Stores where the price paid was
12          at a sale or discount to the original, regular or compare at price listed on the
            tag for that item and such individuals have not received a refund or credit for
13          such purchases ("California Class").

14      30.     Excluded from the Class are Defendants, their parents, subsidiaries,

15  affiliates, officers and directors, any entity in which Defendants have a controlling interest,

16  and all judges assigned to hear any aspect of this litigation, as well as their immediate

17  family members.

18      31.     The members of the Class are so numerous that joinder is impractical. The

19  Class consists of thousands of members, the precise number which is within the knowledge

20  of and can be ascertained only by resort to Defendants' records.

21      32.     There are numerous questions of law and fact common to the Class which

22  predominates over any questions affecting only individual members of the Class. Among

23  the questions of law and fact common to the Class are:

24          (a) Whether, during the Class Period, Defendants used false price
            representations and falsely advertised price discounts on their merchandise
25          sold at Defendants' Stores;

26          (b) Whether Defendants' use of false or deceptive price advertising
            constituted false advertising under California law;

27
            (c) Whether Defendants engaged in deceptive, unfair, unlawful and/or
28          fraudulent business practices under California law;

Charles LLP

(d) Whether Defendants misrepresented and/or failed to disclose material facts about their product pricing and discounts;

(e) Whether Defendants have made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(f) Whether Class members are entitled to damages and/or restitution, and in what amount;

(g) Whether Defendants are likely to continue using false, misleading or illegal price comparisons such that an injunction is necessary; and

(h) Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

33.     Plaintiffs' claims are typical of the claims of the members of the Class and, like all members of the Class, purchased goods from one of Defendants' Stores that falsely conveyed an original or compare at price and a fictitious discount.  Accordingly, Plaintiffs have no interests antagonistic to the interests of any other member of the Class.

34.     Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class, and have retained counsel who are experienced in prosecuting class actions.  Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for

Charles LLP

1  Defendants.  Additionally, individual actions may be dispositive of the interests of the
2  Class, although certain class members are not parties to such actions.

3        37.    The conduct of Defendants is generally applicable to the Class as a whole
4  and Plaintiffs seek equitable remedies with respect to the Class as a whole. As such, the
5  systematic policies and practices of Defendants make declaratory or equitable relief with
6  respect to the Class as a whole appropriate.

7  **FIRST CAUSE OF ACTION**
8  ***Unfair Business Practices***
9  [California Business & Professions Code § 17200, *et seq.*,
10  Unfair Competition Law ("UCL")]
11  (By Plaintiff Job Carder against all Defendants)

12        38.    Plaintiffs incorporate and reallege by reference each and every allegation
13  contained in paragraphs 1 through 37 as if set forth herein in full.

14        39.    The UCL defines unfair business competition to include any "unlawful,
15  unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or
16  misleading" advertising.  Cal. Bus. & Prof. Code §17200.

17        40.    Advertising or promotional practices are unlawful under the UCL if a
18  reasonable consumer is likely to be deceived by them.

19        41.    Defendants violated the "unfair" prong of the UCL by representing false,
20  deceptive, or misleading original, regular or comparative prices and corresponding price
21  discounts or savings for merchandise where Defendants, inflated or fabricated the
22  purported original, regular or compare at prices for such products, and failed to disclose to
23  consumers that such original, regular or compare at prices were inflated or fabricated, such
24  that the promised discount or saving was false, misleading or deceptive.

25        42.    These acts and practices were unfair because they caused Plaintiff, and were
26  likely to cause reasonable consumers, to falsely believe that Defendants are, and have
27  throughout the Class Period been, offering value, discounts or bargains from the price,
28  value or worth of the products sold that did not, in fact, exist.  As a result, purchasers,

Charles LLP

1  including Plaintiff, reasonably perceived that they were receiving products that regularly

2  sold in the retail marketplace at substantially higher prices (and were, therefore, worth

3  more) than what they paid.  This perception has induced reasonable purchasers, including

4  Plaintiff, to buy such products, which she otherwise would not have purchased.

5       43.    Plaintiffs and all other California Class Members were likely to be deceived

6  by Defendants' use of the "original," "regular" or "compare at" price on the price tags of

7  merchandise at Stores in California.

8       44.    In deciding to purchase merchandise at Defendants' stores, Plaintiffs relied

9  on Defendants' misleading and deceptive representations regarding original or regular

10  prices.  These prices placed by Defendants on the price tags of merchandise at their

11  California Stores played a substantial role in Plaintiff's decisions to purchase the products

12  they purchased from Defendants, and Plaintiff would not have purchased those items in the

13  absence of Defendants' misrepresentations.  Accordingly, Plaintiffs have suffered

14  monetary loss as a direct result of Defendants' unlawful practices described herein.

15       45.    The gravity of the harm to California Class Members resulting from these

16  unfair acts and practices outweighs any conceivable reasons, justifications or motives of

17  Defendants for engaging in such deceptive acts and practices.  By committing the acts and

18  practices alleged above, Defendants engaged in unfair business practices within the

19  meaning of California Business & Professions Code §17200, et seq.

20       46.    Through their unfair acts and practices, Defendants improperly obtained

21  money from Plaintiffs and all other California Class Members.  As such, Plaintiffs request

22  that this Court cause Defendants to restore this money to Plaintiff and all California Class

23  Members, and to enjoin Defendants from continuing to violate the UCL as discussed

24  herein and from violating the UCL in the future.  Otherwise, Plaintiffs, the California Class

25  described herein, and members of the general public may be irreparably harmed or denied

26  an effective and complete remedy if such an order is not granted.

27

28

Charles LLP

## SECOND CAUSE OF ACTION

### *Fraudulent Business Practices*

[California Business & Professions Code § 17200, *et seq.*]

(By Plaintiffs Job Carder against all Defendants)

47.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

51.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

52.     Defendants' false prices, including, but not limited to, their original, regular or compare at prices placed on the price tags of the products sold in their California Stores, were "fraudulent" within the meaning of the UCL because they deceived Plaintiffs, and were likely to deceive reasonable consumers and California Class Members, into believing that Defendants were offering value, discounts or bargains from the prevailing market price, value or worth of the products sold that did not exist.  As a result, purchasers, including Plaintiffs, reasonably perceived that they were receiving products that regularly sold in those Stores or the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid.  This perception induced reasonable purchasers, including Plaintiffs, to buy such products from Defendants' Stores in California, which they otherwise would not have purchased.

53.     Defendants' acts and practices as described herein have deceived Plaintiffs and were highly likely to deceive reasonable members of the consuming public. Specifically, in deciding to purchase merchandise at Defendants' Stores, Plaintiffs relied on Defendants' misleading and deceptive representations regarding their supposed original or regular prices.  The original or regular prices placed by Defendants on the price tags of merchandise at Defendants' Stores in California played a substantial role in Plaintiffs' decisions to purchase those products, and Plaintiff would not have purchased those items in the absence of Defendants' misrepresentations.  Plaintiffs suffered monetary loss as a direct result of Defendants' unlawful practices described herein.

Charles LLP

54.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiffs and all other respective California Class Members. Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading or deceptive conduct.

55.     Through their fraudulent acts and practices, Defendants improperly obtained money from Plaintiff and all other respective California Class Members. As such, Plaintiffs request that this Court cause Defendants to restore this money to Plaintiffs and all California Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein or from violating the UCL in the future.  Otherwise, Plaintiffs, the respective California Class they seek to represent, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

## THIRD CAUSE OF ACTION

### *Unlawful Business Practices*

[California Business & Professions Code § 17200, *et seq.*]

(By Plaintiffs Job Carder and Erica Vinci against all Defendants)

56.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1 through 55 as if fully set forth herein.

57.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

58.     The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" and specifically prohibits false advertisements. (15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a)).  The FTCA has established Guidelines which prohibit false pricing schemes, similar to Defendants' pricing scheme in material respects, as deceptive practices that would violate the FTCA quoted in paragraph 5.

59.    Cal. Civ. Code §1770(a)(13), prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

60.    Defendants' use of and reference to materially misleading, deceptive, and/or false original, regular or compare at prices on the price tags of merchandise sold to consumers in Defendants' California Stores violated and continues to violate the FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Pricing Guides.  It also violated and continues to violate Cal. Bus. & Prof. Code §§17200 and 17501, and Cal. Civ. Code §1770(a)(13), by, among other things, advertising false comparative prices that were, in fact, not the prevailing market prices at other retailers in the marketplace at the time of the publication.

61.    As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiffs and other California Class Members.  Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading and deceptive conduct.

62.    Through their unfair acts and practices, Defendants improperly obtained money from Plaintiffs and all other respective California Class Members.  Plaintiffs request that this Court cause Defendants to restore this money to Plaintiffs and all respective California Class Members they seek to represent, and to enjoin Defendants from continuing to violate the UCL, or from violating the UCL in the future.  Otherwise, Plaintiffs, the California Class they seek to represent, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

Charles LLP

## FOURTH CAUSE OF ACTION

### *Violation of the California False Advertising Law*

[California Business & Professions Code § 17500, *et seq.*]

(By Plaintiff Job Carder against all Defendants)

63.     Plaintiffs incorporate and reallege by reference each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64.     California False Advertising Law ("FAL") prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

65.     The FAL makes it unlawful for a business to disseminate any statement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

66.     Defendants' practice of disseminating allegedly original, regular or compare at prices associated with their merchandise, which were materially greater than the prices they were sold at or the true prevailing prices of those products, as alleged more fully herein, was an unfair, deceptive or misleading advertising practice because it gave the false impression that the products sold by Defendants regularly or in a substantial amount sold at those prices or in the retail marketplace at substantially higher prices (and were, therefore, worth more) than they actually were.

67.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made each of the untrue or misleading statements, claims, or representations described herein.

68.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made untrue or misleading claims to consumers throughout California.

Charles LLP

69.     Defendants knew, or by the exercise of reasonable care should have known, that these claims were untrue, deceptive, or misleading.

70.     When Defendants made or caused to be made the untrue or misleading claims, statements, or misrepresentations described herein to consumers in California, Defendants failed to adequately disclose the facts pleaded herein. have improperly obtained money from Plaintiffs and all other respective California Class Members. Plaintiffs request that this Court cause Defendants to restore this money to Plaintiffs and all other respective California Class Members, and to enjoin Defendants from continuing to violate the FAL, or from violating the FAL in the future.  Otherwise, Plaintiffs, the California Class they seek to represent, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FIFTH CAUSE OF ACTION

### *Violation of the California Consumer Legal Remedies Act*

[California Civil Code § 1750, *et seq.*]

(By Plaintiff Job Carder against all Defendants)

71.     Plaintiff Job Carder incorporates and realleges by reference each and every allegation contained in paragraphs 1 through 70 as if fully set forth herein.

72.     On each day throughout the Class Period, Defendants, with the intent to induce members of the public to purchase products offered at their respective California Stores, made or caused to be made false or misleading claims to consumers throughout California.

73.     Plaintiff and each respective California Class Member are "consumers" within the meaning of California Civil Code §1761(d).

74.     Defendants' sale of merchandise at its respective Stores in California to Plaintiff and other California Class Members are "transactions" within the meaning of California Civil Code §1761(e).

Charles LLP

75.     The merchandise purchased by Plaintiff and other California Class Members at Defendants' respective stores in California throughout the Class Period are "goods" within the meaning of California Civil Code §1761(a).

76.     Defendants have engaged in unfair methods of competition, or unfair or deceptive acts or practices against Plaintiff and other respective California Class Members, in violation of The California Consumer Legal Remedies Act (the "CLRA"), by making false or misleading statements of fact concerning the reasons for, the existence of, or the amount(s) of price reductions for products sold to Plaintiff and other respective California Class Members at Defendants' California Stores throughout the Class Period. Defendants provided false, deceptive, or misleading "original," "regular" or "compare at" prices on the price tags of the merchandise sold in their respective California Stores, and compared those false or misleading comparative prices to the prices at which Defendants sold their merchandise, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain. The promised discounts, savings, or bargains, however, were deceptive, misleading, or false.

77.     The price reductions alleged by Defendants and Defendants' sale prices did not exist, and were false, deceptive, or misleading.

78.     Defendants' acts or practices described herein are in violation of California Civil Code §1770(a)(13).

79.     As a result of Defendants' acts or practices described herein, Plaintiff and other respective California Class Members have been harmed in that Defendants' unlawful, false or misleading acts or practices described herein played a substantial and material role in each respective Plaintiff's and other respective California Class Members' decisions to purchase products at Defendants' Stores in California. Absent these acts or practices, Plaintiff and other respective California Class Members would not have purchased the products that they did from Defendants.

80.     Pursuant to California Civil Code §1780(a)(2), Plaintiff, on behalf of himself and all other respective California Class Members, request that this Court enjoin

Charles LLP

1  Defendants from continuing to engage in the unlawful and deceptive methods, acts or

2  practices alleged herein.  Unless Defendants are permanently enjoined from continuing to

3  engage in such violations of the CLRA, California consumers will continue to be harmed

4  by Defendants' acts or practices in the same way as those acts and/or practices have

5  harmed Plaintiff and other Class Members.

6      81.    Plaintiff provided notice to Defendants of the alleged violations of the CLRA

7  and the UCL and will amend to seek damages if the violations are not cured as set forth in

8  the notice.

9

10                    **PRAYER FOR RELIEF**

11

12     WHEREFORE, Plaintiffs and the members of the Class demand a jury trial on all

13  claims so triable and judgment against Defendants, Macy's Inc., Macy's West Stores, Inc.

14  and Bloomingdale's Inc., as follows:

15     A.    An order certifying that this action may be maintained as a class action, that

16  Plaintiffs be appointed Class Representatives and Plaintiffs' counsel be appointed Class

17  Counsel;

18     B.    A judgment awarding Plaintiffs and all members of the Class damages as

19  alleged above incurred by Plaintiffs and Class members as a result of Defendants'

20  unlawful, deceptive, unfair and fraudulent business and trade practices described herein;

21     C.    A judgment awarding Plaintiffs and all members of the Class restitution or

22  other equitable relief, including, without limitation, disgorgement of all profits and unjust

23  enrichment that Defendants obtained from Plaintiffs and the Class as a result of their

24  unlawful, unfair and fraudulent business practices described herein;

25     D.    An order enjoining Defendants from continuing to violate the laws as

26  described herein.

27

28

1    E.    A judgment awarding Plaintiffs the costs of suit, including reasonable

2  attorneys' fees, and pre and post-judgment interest; and

3    F.    Such other and further relief as may be deemed necessary or appropriate.

4

5  Dated:  June 15, 2016                              MARTINEZ CHARLES LLP

6

7                                                     By: _____

8                                                         Michael C. Martinez
                                                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Charles LLP

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiffs demand a jury trial on all triable issues.

Dated:  June 15, 2016                    Respectfully submitted,

                                         MARTINEZ CHARLES LLP

                                         By: _____
                                              Michael C. Martinez
                                              Attorneys for Plaintiffs

Charles LLP